UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GARY GILLARD,

                    Plaintiff,

         v.                                          **DECISION AND ORDER**
                                                     07-CV-281S

JEREMY M. CLEMENT, HOLLY A. COLLET,
RAYMOND J. HAAG, D.F. NAPOLI, BERNARD
T. WOJNAREK, LESTER N. WRIGHT, JILL L.
JILSON, PATRICIA L. MILLS, JOHN VON HAGN,
KAREN WEAVER, CHRISTY J. ALCHIMOWICZ,
& LISA HAYTH,

                    Defendants.


## I.  INTRODUCTION

        Presently, before the Court is Defendants' Motion to Set Aside Default (Docket No.

16) and Plaintiff's objections to an Order by the Honorable H. Kenneth Schroeder, Jr.,

United States Magistrate Judge, (Docket No. 34) directing that Plaintiff's medical records

be filed under seal. (Docket No. 37).  For the reasons discussed below, Defendants' Motion

to Set Aside Default is granted and Plaintiff's objections to Judge Schroeder's Order are

denied.


## II.  BACKGROUND

        Plaintiff, Gary Gillard, a prisoner, commenced this civil rights action against

Defendants, New York State prison officials, on April 26, 2007. (Docket No. 1).  Plaintiff

alleges that Defendants' deliberate indifference to his medical and dental needs deprived

1

him of his Eighth Amendment right to be free from cruel and unusual punishment. (Id., ¶¶ 98-101).  Plaintiff also alleges a conspiracy between the Attorney General, the Clerk of the Court, and the Judges assigned to this case and further argues that such parties are tampering with his case. (Docket No. 37, ¶ 5).

On January 25, 2008, default was entered against Defendants Holly A. Collett and Lester N. Wright for failure to appear or otherwise defend in accordance with Fed.R.Civ.P. 55. (Docket Nos. 13 & 14).  On January 29, 2008, David State, Assistant Attorney General of the State of New York, filed a Motion to Set Aside Default as to Defendants Collett and Wright. (Docket No. 16).

Additionally, on July 10, 2008, Judge Schroeder issued a text order directing the Clerk of the Court to file Plaintiff's medical records under seal in order to protect Plaintiff's privacy. (Docket No. 34).  On July 28, 2008, Plaintiff objected to Judge Schroeder's Order, arguing that the motivation for Judge Schroeder's Order "is to steal (Plaintiff's medical records) to ensure this case is destroyed." (Docket No. 37).

## III. DISCUSSION

### A.    *Defendants' Motion to Set Aside Clerk's Entry of Default*

Rule 55(c) of the Federal Rules of Civil Procedure provides that, "the court may set aside an entry of default for good cause." Fed.R.Civ.P.55(c).  In evaluating a motion to set aside an entry of default under Rule 55(c), "a court must evaluate: (1) the willfulness of the default; (2) the prejudice to the adversary if the default is set aside; and (3) whether the defendants present a meritorious defense." Holford USA Ltd., Inc. v. Harvey, 169 F.R.D.

41, 44 (S.D.N.Y. Oct. 8, 1996).  "The court's discretion is narrow in light of the 'strong policies favoring the resolution of genuine disputes on their merits,' and the admonition that 'doubts are to be resolved in favor of trial on the merits.'" Id., at 44 (citing Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir.1983)).

"Willfulness does not include mere carelessness or negligence." RLS Associates, LLC. v. United Bank of Kuwait PLC, 2002 WL 122927, *3 (S.D.N.Y. Jan. 29, 2002) ; see also American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir.1996). However, where the moving party appears to make a strategic decision to default, district courts typically refuse to vacate. American Alliance Ins. Co., 92 F.3d at 60.

In this case, Defendants' failure to answer the complaint was due to mere carelessness and mistake and therefore is not willful.  For example, upon service, Defendants Collett and Wright signed an acknowledgment of service form and forwarded it to the U.S. Marshal, which started their answering time.  However, the Assistant Attorney General for the State of New York, Mr. David State, Esq., incorrectly assumed that all twelve (12) Defendants, all employees of New York State, did not sign anything and instead forwarded their unsigned acknowledgments to his office.  As a result, Mr. State was unaware that the answering time for Defendants Collett and Wright had begun to toll, and consequently, both parties failed to timely file answers.  Additionally, Defendants' failure to timely answer the complaint was not a strategic decision since Mr. State filed a Motion to Set Aside Default four days after he became aware of the Clerk's entry of default. (Docket No. 16).

With regard to the meritorious defense factor, the Second Circuit has held that the test is "measured not by whether there is a likelihood that it will carry the day, but whether

the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil

Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir.1993).   This prong requires only that the

defendant meet a "low threshold." Holford, 169 F.R.D. at 44 (citing Meehan v. Snow, 652

F.2d 274, 277 (2d Cir.1981)).   The denial of all material allegations satisfies the low

threshold necessary to establish a meritorious defense. Id. at 44; see also Meehan, 652

F.2d at 277 ("The denials and defenses in the amended answer met the low threshold for

adequacy for Rule 55 purposes.").   In this case, Defendants Collett and Wright "deny that

they have been deliberately indifferent to the plaintiff's medical and dental needs and deny

that any of their actions rose to the level of cruel and unusual punishment and submit that

they have provided an appropriate and reasonable level of medical and dental care to the

plaintiff." (Docket No. 18).   Therefore, this Court concludes – without passing on the merits

– that Defendants have raised the possibility of a meritorious defense for purposes of

setting aside default under Rule 55(c).

Plaintiff will not be prejudiced by setting aside the entry of default.   There is no

prejudice to Plaintiff because this case is still in the early stages, discovery has yet to be

conducted, and Defendants did not delay after noticing the entry of default, but immediately

filed their Motion to Set Aside Default.   Moreover, since Plaintiff has not alleged any

specific prejudice – instead claiming that Mr. State committed, "perjury, fraud, and forgery

of legal documents," (Docket No. 29, ¶ 4), and also that Defendants' statement that

Plaintiff's will not suffer any prejudice is "a Lie," (Docket No. 29, ¶ 8) – Plaintiff fails to

demonstrate any prejudice in this case. Flynn v. Pulaski Const. Co., Inc., 02-CV-2336,

2006 WL 47304, at *9 (D.D.C. Jan. 6, 2006) ("Because Plaintiffs have not alleged any

particular prejudice that would result were the court to set aside the entry of default,

Plaintiffs have failed to demonstrate any prejudice here.").

In light of this Circuit's strong preference for resolving disputes on the merits, and also given this Court's finding that Defendants' conduct was not willful, that Defendants raise the possibility of a meritorious defense, and that Plaintiff will not be prejudiced, this Court grants Defendants' Motion to Set Aside Default.

**B.      *Plaintiff's Objections to Judge Schroeder's Order to File His Medical Records under Seal***

Plaintiff objects to Judge Schroeder's Order (Docket No. 34) directing that Plaintiff's medical records be filed under seal. (Docket No. 37).  In support of the objections, Plaintiff argues that underlying Judge Schroeder's Order is a conspiratorial desire to "destroy the evidence within these files, thus ensuring this plaintiff cannot prevail." (Docket No. 37). Plaintiff again alleges "the continued  tampering of this case by clerks and staff of the judges, with the attorney general, who is a liar." (Docket No. 37).

In an opposing Declaration, Mr. State notes that because Plaintiff brings an Eighth Amendment claim premised on an indifference to his medical and dental needs, his medical and dental records are relevant and necessary in this case. (Docket No. 40). Further, given the sensitive nature of medical records, Mr. State maintains that Plaintiff's medical records should be – as they typically are in similar cases – filed under seal in order to safeguard Plaintiff's privacy.  (Id.).

Since Plaintiff fails to demonstrate any legitimate, plausible reason why his medical records should not be filed under seal, this Court denies Plaintiff's objections to Judge Schroeder's Order to file his medical records under seal.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Set Aside Default is granted and Plaintiff's objections are denied.


## V. ORDERS

IT IS HEREBY ORDERED, that Defendants' Motion to Set Aside Default (Docket No. 16) is GRANTED.

FURTHER, that the Clerk of the Court is directed to vacate the entries of default. (Docket Nos. 13 and 14).

FURTHER, that Plaintiff's objections to Judge Schroeder's Order to file Plaintiff's medical records under seal (Docket No. 37) is DENIED.


Dated:        December 10, 2008
              Buffalo, NY

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge